UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DENTON and THERESA DENTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 12 C 3150 |
| UNIVERSAL AM-CAN, LTD.; UNIVERSAL TRUCKLOAD SERVICES, INC.; OMG, INC.; RFX, INC.; DAVID LEE JOHNSON; LOUIS BROADWELL, LLC; and MICHAEL TWARDAK, | ) ) ) ) ) ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 21, 2012, Plaintiffs James Denton and Theresa Denton filed a Complaint in Cook County Circuit Court against Universal Am-Can, Ltd. ("Universal Am-Can"); Universal Truckload Services, Inc. ("Universal Truckload"); OMG, Inc. ("OMG"); RFX, Inc. ("RFX"); David Johnson, Louis Broadwell, LLC ("Broadwell"); and Michael Twardak. Defendants filed a Notice of Removal on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(c). Before the Court is Plaintiffs' Motion to Remand.

### BACKGROUND

The factual allegations in the Complaint are accepted as true, and all reasonable inferences from those facts are drawn in favor of Plaintiffs in considering the Motion to Remand. *See Sheridan v. Flynn*, No. 03-cv-5170, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003).

On February 8, 2011, James Denton was traveling south bound on Interstate 65 at mile marker 225 in Demotte, Indiana. (Compl. ¶ 3.) Johnson, driving a semi-tractor trailer, rear-ended Denton and caused Denton to be injured. (*Id.* ¶ 6.) Johnson was driving with a suspended license. (*Id.*) Twardak was traveling south bound on Interstate 65 at mile marker 222 in Demotte, Indiana. (*Id.*, Count X ¶ 2.)[1] Twardak's failure to keep control of his vehicle at mile marker 222 proximately caused Denton's accident at mile marker 225. (*Id.* ¶ 7.)

James Denton is a resident of Illinois. (Compl. ¶ 1.) Johnson is a resident of South Carolina. (*Id.* ¶ 2.) Twardak is a resident of Illinois. (*Id.*, Count X ¶ 2.)

Johnson operated the truck under the Department of Transportation number of Universal Am-Can. (*Id.* Count II ¶ 4.) Johnson was an agent of Universal Truckload and Broadwell. (*Id.* Count III ¶ 6, Count IV ¶ 6.) RFX and OMG entered into a joint venture with Universal Am-Can, Universal Truckload, Broadwell, and Johnson to transport roofing supplies. (*Id.*, Count VIII, ¶ 8.) Johnson operated the truck pursuant to this joint venture. (*Id.* ¶ 9.)

## LEGAL STANDARD

Defendants removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Section 1332 requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. The removal statute, 28 U.S.C. § 1441, is construed narrowly and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The removing party bears the burden of proving by a preponderance of the

---

[1] Rather than consecutively numbering the paragraphs in their Complaint, Plaintiffs have restarted the numbering at each Count.

evidence that the elements of the Court's jurisdiction are met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). If the district court lacks subject-matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## ANALYSIS

Plaintiffs' Complaint is silent on the citizenship of the corporate Defendants or Broadwell. Defendants' Notice of Removal states that Universal Am-Can is a Michigan corporation, Universal Truckload is a Michigan corporation, OMG is a Delaware corporation, RFX is a Massachusetts corporation, and Broadwell is a South Carolina LLC. (Dkt. No. 1 at 4-5.)[2] Plaintiffs do not dispute the citizenship of these parties.

Plaintiffs assert three objections to Defendants' Notice of Removal: (1) lack of consent by all Defendants from whom consent was required at the time the Notice of Removal was filed; (2) the amount in controversy is not demonstrated in the pleadings to be higher than $75,000; and (3) the only Illinois Defendant was properly joined. In their reply, Plaintiffs effectively concede that the amount in controversy exceeds $75,000 because they fail to address Defendants' argument. Therefore, the argument is not addressed.

### *Consent*

28 U.S.C. § 1446(b)(2)(A) provides that, "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." A defendant has thirty days from the service of the summons to remove the case to federal court. 28 U.S.C. § 1446(b). "If the suit names multiple defendants, it may not be removed unless all the defendants consent to removal." *Save-A-Life Found., Inc. v.*

---

[2] Twardak is an Illinois resident but, as discussed below, Defendants contend that he has been fraudulently joined as to defeat complete diversity.

*Heimlich*, 601 F. Supp. 2d 1005, 1007 (N.D. Ill. 2009) (*Heimlich*); *see also Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 353 (7th Cir. 2000) (joinder by all defendants in a notice of removal is an "essential step"). The Seventh Circuit has held:

> A petition for removal is deficient if not all defendants join in it. To 'join' a motion is to support it in writing. However, the requirement that all defendants join in the motion may not be necessary if, for example, the non-joining party had not yet been served. But all served defendants still have to support the petition in writing, i.e., sign it.

*Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) (*Gossmeyer*) (holding that removal notice was deficient because even though the removing defendant "noted that all properly served defendants agreed to the removal, . . . not all of these defendants joined in the petition because not all of them signed it.").

Defendants Universal Am-Can, Universal Truckload, Broadwell, and Johnson (the "Moving Defendants") filed their original Notice of Removal on April 27, 2012. On May 5, 2012, Plaintiffs filed the Motion to Remand, arguing that OMG and RFX did not sign the removal petition. (Mot. at 3.) The Moving Defendants, in their original Notice of Removal, state that:

> Counsel for the removing defendants, [Universal Am-Can, Universal Truckload], Broadwell, and Johnson have contacted the two remaining properly-joined defendants, OMG, Inc. and RFX, Inc. for their consent to removal. Based on communications that the removing defendants' counsel have had with OMG and RFX, OMG and RFX have provided their consent to the removal of this action.

(Notice of Removal ¶ 31.)[3] However, OMG and RFX did not sign the removal petition. Thus, the Moving Defendants' original removal petition is deficient under *Gossmeyer*.

---

[3] There is no mention of Twardak in the Notice of Removal. However, Defendants argue that Twardak is fraudulently joined. Fraudulently joined parties need

4

On May 23, 2012, Defendants filed an Amended Notice of Removal, attaching two exhibits to demonstrate OMG and RFX's consent. The Amended Notice of Removal is still only signed by the Moving Defendants' counsel. The Moving Defendants attach an e-mail, dated May 14, 2012, from Jim Morse, the CEO of RFX, to the Removing Defendants' counsel, stating, "Following up on our conversation, I had spoken with you on 4/9/12 and advised you of our consent to transfer the case." (Dkt. No. 8-1.) Another is an e-mail from RFX's counsel to removing Defendants' counsel, stating that she agrees to consent to removal and stating that she will sign the necessary consent form. (Dkt. No. 8-2.)

There are two problems with the Amended Notice of Removal. First, OMG and RFX still have not signed the removal petition. The exhibits now presented by Moving Defendants do not cure this deficiency. In *Holliday* v. *DMJ Mortg. Capital, Inc.*, No. 07-cv-3068, 2007 WL 3085897, at *2 -3 (C.D. Ill. Oct. 19, 2007), two defendants (DLJ and Old Canal Financial Corp.) did not sign the original removal petition. Defendants presented a proposed amended notice of removal. DLJ provided a written notice of consent. As to Old Canal Financial Corp., the amended notice merely stated that defendant's counsel did not object to removal. The court held that the amended notice of removal was deficient: "In the instant case, Old Canal Financial Corp. has never indicated its consent to removal to the Court. [Old Canal's counsel's] e-mail was provided to counsel for Fisher & Shapiro, not to the Court. The e-mail is not sufficient to constitute official notice, and there is no indication as to [Old Canal's counsel's] authority to give consent on Old Canal's behalf." *Id.* at *2. In *Bertrand v. Federal*

---

not join notices for removal. See *Boruff v. Transervice, Inc.*, No. 10-cv-322, 2011 WL 1296675, at *3 (N.D. Ind. Mar. 30, 2011) (*Boruff*).

5

*Pacific Elec. Co.*, No. 07-cv-3068, 2007 WL 2477373, at *1 (E.D. Wis. Aug. 29, 2007), the court addressed a similar situation and held that "[t]he provision of oral consent is clearly deficient under the law of this circuit, and a promise that procedural rules would eventually be fulfilled does not relieve the duty of [e]ach defendant [to] communicate his consent to the court by way of an official filing or voicing of consent in a timely fashion." *Id.* at *2.

As these cases demonstrate, the Moving Defendants' Amended Notice of Removal is still deficient because OMG and RFX have not signed the amended removal petition. However, even if they had, the Amended Notice is deficient because it was filed past the 30-day period for filing a notice of removal under 28 U.S.C. § 1446(b). Defendants argue that when written consent is required of all defendants, they may correct an oversight in their original petition, even though the 30-day period for filing a notice of removal has passed. Defendants' reliance on *Heimlich* to support its position is misplaced. There, the court addressed whether a later-served defendant could obtain consent from an earlier-served defendant. *See Heimlich*, 601 F. Supp. 2d at 1009 ("the Court concludes that each defendant in a case is entitled to remove an action from state to federal court, regardless of whether earlier-served defendants declined to do so, so long as all defendants consent to removal.").

Courts in this circuit have held that the failure to include a written consent in a removal petition may only be cured by filing the written consent *within* the 30-day time period. *See Boruff*, 2011 WL 1296675, at *4; *Miller v. Federal Int'l, Inc.*, No. 09-cv-105, 2009 WL 535945, at *1 (S.D. Ill. Mar. 4, 2009); *Shedelbower v. Brinkman*, No. 08-cv-692, 2008 WL 4602469, at *1 (S.D. Ill. Oct. 16, 2008).

Because Defendants have failed to meet the consent requirements of 28 U.S.C. § 1446, Plaintiffs' Motion to Remand is granted on this basis. Moreover, as discussed below, Defendants' Notice of Removal is deficient for an additional reason.

*Fraudulent Joinder*

Twardak is an Illinois resident; therefore, there is no complete diversity among the parties. *See Smart v. Local 702 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009) (holding that complete diversity means that "no plaintiff may be from the same state as any defendant."). Defendants argue that Twardak was fraudulently joined in order to defeat diversity jurisdiction.

Fraudulent joinder occurs when a nondiverse defendant is named as a party, but there is no reasonable possibility that a state court would rule against the nondiverse defendant. *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (*Walton*). "The 'fraudulent joinder' doctrine . . . permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (*Schur*) (emphasis added). Defendants are required to submit "proof that the claim against the nondiverse defendant is utterly groundless." *Walton*, 643 F.3d at 999.

Defendants argue that there is no possible causal connection between Twardak's negligence and Denton's injuries. In response, Plaintiffs argue that their Complaint demonstrates that Twardak's collision occurred at the same time as Denton's collision and occurred between mile marker 222 and 225, while Denton's collision occurred at mile marker 225. (Reply at 10.) In support of their argument, Defendants cite various


cases, contending that courts have considered similar fact patterns and concluded there was no legal basis for asserting liability against a motorist like Twardak. (Resp. at 13-16.)

However, "[a] defendant faces a 'heavy burden' to demonstrate that the joinder is fraudulent, and some courts, including district courts within this circuit, have suggested that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764. Defendants have not satisfied their "heavy burden." Defendants have not submitted affidavits or other evidence to show that there is "no possibility that [Plaintiffs] can state a cause of action against nondiverse defendants in state court." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Veugeler v. Gen. Motors Corp.*, No. 96 C 7278, 1997 WL 160749, at *2 (N.D. Ill. Apr. 2, 1997) (noting that in determining whether fraudulent joinder has occurred, the "limited use of affidavits and other evidence is permissible so long as the evidence is not used to 'pre-try' the case.") (internal citation omitted). Accordingly, Defendants have failed to establish complete diversity.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand [5] is granted. This case is remanded to Cook County Circuit Court. Civil case terminated.

Date: 8-30-12

JOHN W. DARRAH
United States District Court Judge